IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RON THAYER and CATHIE THAYER<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON COUNTY SCHOOL DISTRICT, CITY OF ST. GEORGE, ROBERT GOULDING, MICHAEL EATON, STACY RICHAN, DAVID AMODT, JOHN and JANE DOES I-X, ABC CORPORATIONS I-X, and XYZ PARTNERSHIPS I-X<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:09-cv-565<br><br>Judge Dee Benson |

Before the court are Michael Eaton's, and Robert Goulding and Washington County School District's (the "defendants") motions for judgment on the pleadings, seeking dismissal of the plaintiffs' constitutional claims.

## BACKGROUND

The facts in this case are truly tragic. The plaintiffs' son, Tucker Thayer ("Tucker"), was a drama student at Desert Hills High School in St. George, Utah. In November 2008, the drama department at the high school was preparing to perform the play "Oklahoma," and Tucker was involved with the production as a member of the stage crew.

Tucker's drama teacher, Michael Eaton, wanted to enhance the sound effects during the performance by using an actual gun that fired blanks. David Amodt, a father of one of the students, owned a handgun that would fire blanks, producing the sound desired by Mr. Eaton. Mr. Eaton asked the in-school representative of the St. George Police Department, School Resource Officer Stacy Richan, for permission to allow Mr. Amodt to bring the gun onto school property and use it in the play. Officer Richan gave Mr. Eaton permission to bring the gun onto school property and to use the gun in the production as long as (1) an adult brought the weapon to and from school, (2) the weapon remained in a locked container and under an adult's control at all times, and (3) an adult was the only person to fire the weapon. Thereafter, Officer Richan spoke with the school's Vice Principal, Robert Goulding, about allowing Mr. Eaton to use the gun in the production. Mr. Goulding gave his authorization to use the gun so long as Officer Richan ensured that his three rules were followed. Subsequently, under Mr. Eaton's direction, the gun was used during rehearsals and actual performances of the play.

The plaintiffs contend that although the defendants agreed to follow the rules for proper use of the gun, they did nothing to ensure the rules were being followed and that, ultimately, the defendants disregarded the rules. Specifically, the plaintiffs allege that, instead of having an adult shoot the gun, Mr. Eaton allowed Tucker to shoot the gun during the last two weeks of rehearsals and during each of the performances of the play. The plaintiffs point to one specific occasion where Mr. Eaton was aware that Tucker fired the gun. After the gun was fired on cue, Mr. Eaton said to his stage manager, through a two-way radio, "That was great! [Mr. Amodt] is my new best friend!" The stage manager replied, "That was Tucker." Mr. Eaton responded,

"Tell him he is my new favorite student."

On November 15, 2008, prior to the beginning of a performance, Tucker accidentally shot himself with a blank fired from the gun, causing his death. Tucker's parents have filed this lawsuit pursuant to 42 U.S.C. § 1983 against the City of St. George, Mr. Eaton, Officer Richan, Washington County School District, Robert Goulding, David Amodt, and other unnamed individuals, partnerships, and corporations alleging, among other things, that the defendants violated the plaintiffs' and Tucker's constitutional rights.

Since filing this lawsuit, the plaintiffs have settled their claims with Mr. Amodt. In addition, this court previously granted the City of St. George and Officer Richan's motion to dismiss the plaintiffs' constitutional claims against them. The current motions before the court are Mr. Eaton's, and Mr. Goulding and Washington County School District's motions for judgment on the pleadings, seeking the dismissal of the plaintiffs' constitutional claims.

The complaint alleges that the defendants violated Tucker's substantive due process rights pursuant to the "danger creation" doctrine. In addition, the plaintiffs contend that the complaint contains sufficient facts supporting causes of action for violations of procedural due process, the right to familial association, and equal protection.[1]

## STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d

---

[1]The complaint does not state exactly which constitutional rights the defendants allegedly violated. The defendants claim that the plaintiffs have only alleged a "danger creation" claim, whereas the plaintiffs argue the complaint contains claims for violations of procedural due process, the right to familial association, and equal protection.

3

1138, 1160 (10th Cir. 2000). Accordingly, dismissal under Rule 12(c) is proper only if it can be shown that a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion for judgment on the pleadings, the well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999). Moreover, the plaintiff must provide enough facts in the complaint "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 571 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

**Danger Creation Theory**

The "danger creation" doctrine provides that state officials may be liable for injuries caused by a private actor where the state officials created the danger that led to the harm. *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999). To prevail on a substantive due process claim based on the state-created danger theory, a plaintiff must prove six elements: (1) the plaintiff was a member of a limited and specifically definable group; (2) the defendant's conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm; (3) the risk was obvious or known; (4) the defendant acted recklessly in conscious disregard of that risk; (5) such conduct, when viewed in total, is conscience shocking; and (6) the defendant created the danger or increased the plaintiff's vulnerability to danger. *Armijo By and*

*Through Chavez v. Wagon Mound Public Schools*, 159 F.3d 1253, 1262-63 (10th Cir. 1998). To establish the fourth element, that the defendant acted recklessly, the plaintiff must prove "the state actor was aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and [the state actor] proceeded in conscious and unreasonable disregard of the consequences." *Sutton*, 173 F.3d at 1238.

After carefully considering the plaintiffs' allegations against Mr. Eaton, the court finds that the plaintiffs have set forth sufficient facts supporting a plausible claim for relief against Mr. Eaton based on the state-created danger theory. Importantly, the plaintiffs claim that Mr. Eaton knew that Tucker was firing the gun and that he allowed Tucker to continue to do so throughout the last two weeks of rehearsals and during actual performances. Furthermore, the plaintiffs point to one instance where Mr. Eaton even encouraged Tucker's use of the gun, saying that Tucker was his new favorite student because he fired the gun directly on cue. In addition, Mr. Eaton admits that he sought the approval of the school's Vice Principal and school police officer in an attempt to minimize the risk of harm caused by using a gun in the school production. The fact that he sought permission and helped set up rules for proper use of the gun indicates that Mr. Eaton was aware of the serious risks associated with using a real gun. However, despite Mr. Eaton's knowledge that using the gun posed serious risks, and that the rules were not being followed, Mr. Eaton did nothing about it. Accordingly, the court finds that the plaintiffs have set forth enough facts upon which a reasonable jury could find Mr. Eaton acted in conscious disregard of the serious risks to Tucker and that a reasonable jury could find that such conduct shocks the conscience. Therefore, Mr. Eaton's motion for judgment on the pleadings regarding

the plaintiffs' danger creation claim is denied.

In contrast to the allegations against Mr. Eaton, the allegations against Mr. Goulding and Washington County School District are insufficient to survive their motion for judgment on the pleadings. The allegations merely show that Mr. Goulding and Washington County School District allowed Mr. Eaton to use the gun in the school's production as long as the three rules established by Officer Richan were being followed. The plaintiffs have not provided any evidence suggesting that either Mr. Goulding or Washington County School District knew that the rules were being violated or that they should have been on notice that the rules were not being followed. Accordingly, the court finds that the plaintiffs' allegations against Washington County School District and Mr. Goulding do not rise to a showing of conscious disregard for Tucker's safety. Therefore, Mr. Goulding and Washington County School District's motion for judgment on the pleadings concerning the plaintiffs' danger creation claim is granted.

To the extent the complaint contains causes of action for violations of procedural due process, equal protection, and the right to familial association, the court addresses each below and ultimately holds that such causes of action are without merit as a matter of law.

**Familial Association**

A § 1983 claim based on loss of familial association is proper only when the government acts with the specific intent to deprive the plaintiffs of their rights of association with the victim. *Bryson v. City of Edmond*, 905 F.2d 1386, 1394 (10th Cir. 1990) ("Nowhere in the complaint is there an allegation that any claimed acts or omissions, however intentional, occurred with the specific intent on the part of the defendants to deprive the plaintiffs of their rights of association

with the victims."). Because the plaintiffs have not provided any facts supporting the idea that the defendants acted with the specific intent to impair the plaintiffs' relationship with Tucker, the plaintiffs' familial association claim fails.

**Procedural Due Process**

The plaintiffs contend that their procedural due process rights were violated because the defendants did not notify them that Tucker would fire a gun in the play. Procedural due process is a guarantee of the Fourteenth Amendment of the United States Constitution that protects individuals "against governmental deprivations of life, liberty, or property without due process of law." *Farthing v. City of Shawnee, Kansas*, 39 F.3d 1131, 1135 (10th Cir. 1994). The Tenth Circuit Court of Appeals has held that there must be an "element of deliberateness in directing the misconduct toward the plaintiff before the Due Process Clause is implicated." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The plaintiffs' procedural due process claim against Mr. Eaton fails because the plaintiffs have not shown that Mr. Eaton acted with the requisite deliberateness to deprive the plaintiffs of any constitutionally protected right. In addition, the plaintiffs' claim against Mr. Goulding and Washington County School District also fails. There is simply no evidence that Mr. Goulding or Washington County School District ever knew that Tucker had been given access to the gun. Therefore, neither Mr. Goulding nor Washington County School District could have acted deliberately to deprive the plaintiffs of any alleged right.

**Equal Protection**

"The Fourteenth Amendment forbids any person acting under color of state law from

depriving an individual of the equal protection of the laws." *Patterson v. American Fork*, 2003 UT 7, ¶ 29, 67 P.3d 466. The plaintiffs' equal protection claim relies on the "class of one theory" as stated by the United States Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To prevail "under a class of one theory, the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Patterson*, 2003 UT 7, ¶ 33. More specifically, the plaintiffs must show that the defendants acted with a totally illegitimate animus toward the plaintiffs. *Id.*

The plaintiffs' equal protection claim against Mr. Eaton, Mr. Goulding, and Washington County School District fails for at least two reasons. First, the plaintiffs have not alleged any facts supporting the idea that any of the defendants singled out Tucker for treatment that was different from the other students. Second, even if the plaintiffs had established that Tucker was singled out, they have failed to show that such treatment was based on a personal animus toward Tucker. Therefore, the defendants' motions for judgment on the pleadings concerning the plaintiffs' equal protection claim is granted.

## CONCLUSION

For the reasons stated above, Mr. Eaton's motion for judgment on the pleadings is granted in part and denied in part. Specifically, Mr. Eaton's motion regarding the plaintiffs' danger creation claim is DENIED. However, Mr. Eaton's motion for judgment on the pleadings regarding the remainder of the plaintiffs' constitutional claims is GRANTED.

Mr. Goulding and Washington County School District's motion for judgment on the pleadings is GRANTED in whole.

DATED this 14th day of February, 2011.

_____
Dee Benson
United States District Judge